**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRANCE PATTERSON,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY CROTHERS, *et al.*<br><br>Respondents. | Civil Action No. 25-2599 (GC)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

    Petitioner Terrance Patterson is a state prisoner currently incarcerated at New Jersey State Prison, Trenton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (§ 2254). (ECF No. 1 ("Petition").)

    When he submitted his Petition, Petitioner did not submit the five-dollar filing fee for a habeas petition, *see* 28 U.S.C. § 1914(a), or apply to proceed *in forma pauperis* ("IFP"). On June 4, 2025, the Court ordered the Clerk of the Court to administratively terminate this case without filing the Petition. (ECF No. 2 at 1.) Petitioner was notified that, if he wishes to reopen this case, he shall so notify the Court in writing within 30 days and that his writing shall include either a complete IFP application or the five-dollar filing fee. (*Id.*)

    On July 8, 2025, the Clerk received Petitioner's five-dollar filing fee.

    Petitioner did not use the proper form supplied by the Clerk of Court, which contains a notice and certification pursuant to *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000). The Court will

now provide the *Mason* notice to Petitioner. Once Petitioner responds to the *Mason* notice, the Court will reopen this matter to complete screening of his Petition.

Before a District Court may rule on a § 2254 petition from a *pro se* petitioner, it must notify the petitioner that he may: (1) have his petition ruled on as filed, or (2) withdraw the petition and file one all-inclusive § 2254 petition, setting forth all potential claims for which he might desire to seek review and relief, within the one-year statutory period. *Mason v. Meyers*, 208 F.3d 414, 418 (3d Cir. 2000). This notice is required "out of a sense of fairness" because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a restrictive effect on second or successive habeas petitions that may bar a petitioner from presenting additional grounds at a later date. *See id.*

Accordingly, Petitioner shall notify the Court within 45 days as to whether (1) he wishes to have his Petition ruled on as filed or (2) wishes to withdraw his Petition and submit one all-inclusive § 2254 petition. If Petitioner wishes to submit an amended petition, he shall submit the amended petition on the correct form within forty-five days of the date of entry of this Memorandum and Order.

**IT IS**, therefore, on this 7th day of August, 2025, **ORDERED** as follows:

**ORDERED** that this matter shall remain administratively terminated; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The]

statute of limitations is met when a [motion] is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner a blank habeas form for state prisoners, *i.e.*, AO 241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

**ORDERED** that Petitioner shall notify the Court in writing, addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 45 days of the date of entry of this Memorandum and Order whether he wishes to have his Petition ruled on as filed or whether he wishes to withdraw his Petition and submit one all-inclusive § 2254 petition; and it is further

**ORDERED** that to the extent Petitioner wishes to withdraw his original Petition and submit one all-inclusive amended petition, he must submit the amended petition on the correct form within 45 days of the date of entry of this Memorandum and Order; and it is further

**ORDERED** that if Petitioner fails to respond to the Court's Order, the Court will deem his Petition to be his one all-inclusive Petition; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

GEORGETTE CASTNER
United States District Judge

3